IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOSHUA DUNN )
)
v. ) NO. 1:15-0001
)
SEAN BRANTLEY, et al. )

TO: Honorable William J. Haynes, Senior District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered March 6, 2015 (Docket Entry No. 8), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is a motion for judgment on the pleadings (Docket Entry No. 41) filed by Defendants Sean Brantley and Richard Burks. Plaintiff has not filed a response in opposition to the motion. For the reasons set forth below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Complex. On January 12, 2015, he filed this action *pro*

*se* and *in forma pauperis* seeking relief under 42 U.S.C. § 1983 for violations of his federal civil rights alleged to have occurred in 2014 during his confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. Specifically, he alleges that he was physically assaulted on April 5, 2014, by SCCF correctional officers Sean Brantley, Richard Burks, and f/n/u Stroud and that he suffered injuries as a result of the assault. *See* Complaint (Docket Entry No. 1) at 2-3.

Upon initial review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff alleged arguable legal claims and ordered that process issue to Defendants. *See* Order entered May 26, 2015 (Docket Entry No. 23). Defendants Brantley and Burks were served and filed a joint answer. *See* Docket Entry No. 39. Defendant Stroud has not been served in the action. *See* Docket Entry No. 35.[1]

By their motion for judgment on the pleadings, Defendants Brantley and Burks (hereafter referred to collectively as "Defendants") assert that the claims brought by Plaintiff in this lawsuit are barred by the terms of a prior settlement agreement that he entered into with Corrections Corporation of America, Inc. ("CCA"), a private entity that has contracted with the State of Tennessee to operate the SCCF. Defendants contend that Plaintiff brought a prior lawsuit, *Dunn v. Chapman, et al*, No. 1:14-0051 ("the *Dunn* lawsuit"), against CCA and CCA employees based upon events occurring at the SCCF that was settled by the parties pursuant to a confidential settlement agreement and release of claims. Although the underlying facts of the *Dunn* lawsuit are unrelated to the facts at issue in the instant lawsuit, Defendants assert that Plaintiff agreed to a release of claims as part of

---

[1] Process for Defendant Stroud was incorrectly served upon a SCCF employee named Bradley Strawn. *See* Docket Entry No. 35. Mr. Strawn filed a motion to set aside the service of process upon him and to be dismissed from the action. That motion has not been opposed by Plaintiff and should be granted for the reasons set out in the motion.

2

the settlement agreement and that the release applies to the claims Plaintiff now seeks to bring. Defendants have attached to their answer and filed under seal a copy of the confidential settlement agreement and release. *See* Docket Entry No. 40.[2]

By Order entered July 29, 2015 (Docket Entry No. 45), the Court notified Plaintiff of Defendants' motion and gave him a deadline of August 31, 2015, to respond. Plaintiff has not responded to the motion or otherwise contacted the Court since Defendants' motion was filed.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure "is appropriately granted 'when no material issue of fact exists and the party is entitled to judgment as a matter of law.'" *See Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). In making this determination, the Court utilizes the standards applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir .2011). Thus, the Court must construe the complaint in the light most favorable to Plaintiff, accept all of the complaint's factual allegations as true, and determine whether Plaintiff undoubtedly can prove no set of facts in support of his claims for relief. *See Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014); *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

---

[2] Defendants have filed a redacted copy of their motion and supporting memorandum, as well as an un-redacted copy of the motion and supporting memorandum that have been filed under seal. *See* Docket Entry Nos. 43 & 44.

## III. CONCLUSIONS

Defendants' motion should be granted and this action should be dismissed. The Court has reviewed the terms of the confidential settlement agreement and finds that it includes a general release of all claims Plaintiff may have had against all employees of CCA that arose during the time that he was held in custody and incarcerated at the SCCF. *See* Docket Entry No. 40 at ¶ 1. While the settlement agreement does not apply to claims that arose after Plaintiff entered into the agreement, the claims in the instant action arose and were obviously known about by Plaintiff prior to his execution of the settlement agreement. Thus, the claims he seeks to bring in the instant lawsuit are covered by the release that is included in the settlement agreement.

Plaintiff cannot escape the language of the settlement agreement that he signed, and he has not shown any valid legal reason why he should not be held to the terms of the settlement agreement. The terms of the settlement agreement are clear and unambiguous and bar him from pursuing the claims he brings in the instant action against the three CCA employees.[3] *See Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 2009 WL 2767052, at *4 (M.D. Tenn. Aug. 27, 2009) (Wiseman, J.), *aff'd*, 648 F.3d 452 (6th Cir. 2011); *Louis Dreyfus Corp. v. Austin Co.*, 868 S.W.2d 649, 654 (Tenn.Ct.App. 1993); *Evans v. Tillet Bros. Const. Co., Inc.*, 545 S.W.2d 8, 11 (Tenn.Ct.App. 1976).

---

[3] Although Defendant Stroud has not been served in the action, the claims against him are likewise barred by the settlement agreement.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS:

1. the motion for judgment on the pleadings (Docket Entry No. 41) filed by Defendants Sean Brantley and Richard Burks be GRANTED;

2. the motion of Bradley Strawn to set aside service of process and be dismissed (Docket Entry No. 35) be GRANTED; and

3. this action be DISMISSED WITH PREJUDICE in its entirety as to all Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge